IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VISTADIS, LLC, | : | |
|     Petitioner, | : | MISCELLANEOUS ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | No. 18-190 |
|     Respondent. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                                                                             **March 29, 2019**

Before the Court is a petition to quash an Internal Revenue Service ("IRS") summons for information requested by French tax authorities pursuant to a treaty between the United States and France. The IRS summoned Wells Fargo, seeking information about accounts owned or controlled by Vistadis. Thereafter, Vistadis petitioned to quash the IRS summons and the United States moved for summary denial of the petition and for enforcement of the summons. For the reasons that follow, the Court will deny Vistadis's petition to quash and grant the Government's motion for enforcement.

**I.    BACKGROUND**

French tax authorities are investigating Vistadis for corporate income tax and value-added tax liabilities. (Palacheck Decl. ¶ 6, Feb. 12, 2019.) Pursuant to a treaty between the United States and France (the "Treaty"),[1] French tax authorities submitted an exchange-of-information request for bank records relating to Vistadis. (Palacheck Decl. ¶¶ 3, 9.) Specifically, French tax authorities requested bank records of an account located in the United States at Wells Fargo. (*Id.* ¶ 9.)

---

[1] The United States and France are parties to a treaty titled the Convention between the Government of the United States of America and the Government of the French Republic for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect
to Taxes on Income and Capital, Aug. 31, 1994, U.S.-Fr. Article 27 provides for the exchange of information between the nations' taxing authorities.

The request stated that Cameron Lavasani created Vistadis at the request of Seyed Mehdi Moosavi-Chouchtari, a French resident. (*Id.* ¶ 7.) It also stated that Vistadis created a permanent establishment in France, where Moosavi-Chouchtari managed various activities of Vistadis such as the shipment of goods to France. (*Id.* ¶ 8.) Additionally, the request stated that Moosavi-Chouchtari and Lavasani considered opening a French bank account, under the name of Vistadis, to facilitate purchases by Moosavi-Chouchtari. (*Id.*)

Deborah Palacheck, authorized as the United States Competent Authority under tax treaties and tax information exchange agreements, reviewed the request. (*Id.* ¶¶ 1, 5.) After reviewing the request, Palacheck determined that it fit within the scope of the Treaty. (*Id.* ¶¶ 1, 15.) She concluded that the Wells Fargo account may be relevant to the French tax authorities' investigation. (*Id.* ¶ 13.) Moreover, the request stated that it is in conformity with the laws and administrative practices of French tax administration, and that French tax authorities have exhausted other means to obtain the information. (*Id.* ¶¶ 11-12.)

According to Vistadis, however, it is not a resident of France, it does not have any legal establishment in France, and it does not have employees or bank accounts in France. (Lavasani Decl. ¶ 2, Mar. 14, 2019.) Rather, it is a United States company incorporated in Delaware that files United States tax returns and pays taxes to the United States Treasury. (*Id.*)

## II.   LEGAL STANDARD

The Internal Revenue Code grants the IRS power to issue a summons "[f]or the purpose of . . . determining the liability of any person for any internal revenue tax." 26 U.S.C. § 7602(a). The IRS's power to issue a summons includes summonses pursuant to a treaty partner's request. *See United States v. Stuart*, 489 U.S. 353, 366-69 (1989); *Lidas, Inc. v. United States*, 238 F.3d 1076, 1081 (9th Cir. 2001).

When the Government petitions to enforce a summons or a taxpayer moves to quash a summons, the Government must establish that it issued the summons in good faith. *United States v. Powell*, 379 U.S. 48, 58 (1964) (involving a petition to enforce); *Stuart*, 489 U.S. at 359 (involving a petition to quash). To demonstrate that the IRS issued the summons in good faith, it must show that: (1) the investigation is conducted pursuant to a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the information sought is not already possessed by the Commissioner; and (4) administrative steps required by the Code have been followed. *Powell*, 379 U.S. at 57-58. This test also applies to a summons issued pursuant to a treaty partner's request. *Mazurek v. United States*, 271 F.3d 226, 230 (5th Cir. 2001); *Lidas*, 238 F.3d at 1082.

To show good faith, "the IRS usually files an affidavit from the responsible investigating agent." *United States v. Clarke*, 573 U.S. 248, 250 (2014). "Once the IRS has made such a showing, . . . it is entitled to an enforcement order unless the taxpayer can show that the IRS is attempting to abuse the court's process." *Stuart*, 489 U.S. at 360. Abuses of the court's process occur when a summons is issued for an improper purpose "such as to harass the taxpayer or to put pressure on him to settle a collateral dispute." *Powell*, 379 U.S. at 58. "The taxpayer carries the burden of proving an abuse of the court's process." *Stuart*, 489 U.S. at 360.

## III. DISCUSSION

### A. The Government's *Prima Facie* Case

The Government has established that the summons to Wells Fargo was issued in good faith by satisfying the four *Powell* factors. To meet its burden, the Government submitted declarations from Palacheck and from Steven Dean, the IRS agent who served the summons on Vistadis. (Palacheck Decl. ¶ 1; Dean Decl. ¶ 3, Feb. 12, 2019.)

The first *Powell* factor is met because "[a]ssisting a foreign tax authority is a legitimate purpose." *Hanse v. United States*, Civ. A. No. 17-4573, 2018 WL 1156201, at *4 (N.D. Ill. Mar.

3

5, 2018). Palacheck reviewed the request, confirmed the French taxing authorities' need for the requested information, and determined that it is appropriate for the United States to honor the request. (Palacheck Decl. ¶¶ 5, 14-15.) She also stated that the request from French tax authorities asserted that it conforms to French tax laws and practices. (*Id.* ¶ 11.) The second *Powell* factor is satisfied because the Wells Fargo records may be relevant to the determination of Vistadis's French tax liabilities. (Palacheck Decl. ¶ 13.) The third *Powell* factor is satisfied because Dean stated that the summoned information was not possessed by the IRS when it prepared, issued, and served the summons. (Dean Decl. ¶ 6.) The fourth *Powell* factor is met because Dean stated that all of the administrative steps required by the Internal Revenue Code were followed. (*Id.* ¶ 7.) Dean both served the summons on Wells Fargo and provided notice of the summons to Vistadis on October 18, 2018. (*Id.* ¶¶ 4-5.) Furthermore, Dean stated that the summons was not issued for an improper purpose and there is no Justice Department referral preventing issuance of the summons under § 7602(d)(2). (*Id.* ¶¶ 8-9.) Thus, the Government has established a *prima facie* case that it issued the summons in good faith.

### B. Vistadis's Objection to Improper Purpose

Vistadis objects to the IRS summons, arguing that it "was not issued for a proper purpose because there is no indication that Petitioner owes French tax under the Treaty." (Pet.'s Resp. to the United States' Mot. at 2.) Specifically, it argues that the Treaty only provides for the exchange of tax-related information insofar as the taxation is not contrary to the Treaty; taxation of an entity without a nexus to France is contrary to the Treaty; Vistadis has no nexus to France and is not subject to French tax; and, therefore, the United States may not provide the French government any documents. (*Id.*) The Government argues that those issues are irrelevant at the summons enforcement stage.

Vistadis's argument fails. Vistadis acknowledges that, if it conducts business through a permanent establishment in France, taxation is not contrary to the Treaty. Nonetheless, at this stage, the Court need not decide whether Vistadis conducts such business. *See generally Clarke*, 573 U.S. at 254 (emphasizing that "summons enforcement proceedings are to be summary in nature"). The relevant question is whether the IRS issued the summons in good faith—not whether Vistadis is subject to French taxes. *See Mazurek*, 271 F.3d at 231 (explaining that petitioner "incorrectly conflate[d] his challenge to his residency determination and the alleged illegitimacy of the [French Tax Authority's] investigation"); *see also Hanse*, 2018 WL 1156201, at *5 (declining to "inquire into the propriety of France's tax investigation into Petitioner's liabilities"); *Panton v. United States*, 780 F. Supp. 797, 803 (S.D. Fla. 1991) (stating that "a proceeding regarding the validity of a summons is simply not the proper forum in which to raise issues pertaining to whether tax liability exists in the first place").

"So long as the IRS itself acts in good faith, as that term was explicated in [*Powell*], and complies with applicable statutes, it is entitled to enforcement of its summons." *Stuart*, 489 U.S. at 370. "Requiring district courts and the IRS to look into the good faith of the requesting country's investigation would . . . unwisely necessitate an inquiry into the propriety of the [French Tax Authority's] actions under French law." *Mazurek*, 271 F.3d at 231-32. Here, Vistadis did not rebut the Government's legitimate purpose to meet its obligations under the Treaty.

### C. Vistadis's Objection to Notice

Vistadis also objects to the IRS summons because it did not receive advanced notice of possible third-party contacts under 26 U.S.C. § 7602(c). The Court is not persuaded by this argument. Section 7602(c) prohibits an IRS employee from "contact[ing] any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other

than the taxpayer may be made." But "tax liability" under this section "does not include the liability for any tax imposed by any other jurisdiction." 26 C.F.R. § 301.7602-2(c)(3)(i)(C); *see also Hanse*, 2018 WL 1156201, at *5 (holding that "the IRS was not required to notify Petitioner in advance of a third party summons" relating to potential tax liability in France). Therefore, Vistadis was not entitled to advanced notice of third-party contacts relating to its French tax liability.

**IV.     CONCLUSION**

For these reasons, the Court denies Vistadis's petition to quash and grants the Government's motion for enforcement. An appropriate Order will be docketed separately.